17-3861
*Sherpa v. Barr*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of March, two thousand twenty.

Present:
> DEBRA ANN LIVINGSTON,
> MICHAEL H. PARK,
> WILLIAM J. NARDINI
> > *Circuit Judges*,

_____

LAKPANUPU LAMA SHERPA,

> *Petitioner-Appellant*,

> v.                                                              17-3861

WILLIAM P. BARR, United States Attorney General

> *Respondent-Appellee*.

_____

For Petitioner-Appellant:                STUART ALTMAN, New York, NY.

For Plaintiff-Appellee:                  JOSEPH H. HUNT, Assistant Attorney General; Clair L. Workman, Senior Litigation Counsel; John B. Holt, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DENIED.**

1

Petitioner Lakpanupu Lama Sherpa, a native and citizen of Nepal, seeks review of a November 13, 2017, decision of the Board of Immigration Appeals ("BIA") affirming a January 17, 2017, decision of an Immigration Judge ("IJ") denying Sherpa's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Sherpa*, No. A 206 695 719 (B.I.A. Nov. 13, 2017), *aff'g* No. A 206 695 719 (Immig. Ct. N.Y. City Jan. 17, 2017). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We have reviewed both the BIA's and IJ's opinions. *See Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). "We review the agency's factual findings, including adverse credibility findings, under the substantial evidence standard, which requires that they be supported by reasonable, substantial and probative evidence in the record when considered as a whole." *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018) (internal quotation marks and citation omitted). "We treat factual findings as conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *Id.* (internal quotation marks and citation omitted). Under this standard, "[a] petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." *Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) (internal quotation marks omitted).

The agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant's "demeanor, candor, or responsiveness," the plausibility of his account, and inconsistencies in his statements or between his statements and other evidence, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii). The agency may rely on both omissions and inconsistencies in making an adverse credibility

determination. *See Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008). An IJ must articulate "specific, cogent reasons" for the adverse credibility ruling; explain why any cited inconsistency or omission suggests a lack of credibility; consider whether omitted facts "are ones that a credible petitioner would have been expected to disclose under the relevant circumstances"; and evaluate the "totality of the circumstances," or the full context, of the asylum claim, and determine whether the record as a whole supports the adverse credibility ruling. *Hong Fei Gao*, 891 F.3d at 77–79. Here, we discern no error in the application of these principles in connection with the agency's determination that Sherpa was not credible.

First, the IJ identified an inconsistency between Sherpa's oral testimony and his written application regarding whether Sherpa had time to sell or left behind his property when he left Taplejung for Kathmandu. CAR at 52. This inconsistency was not minor given that a central aspect of the petitioner's claim involved the speed with which he was forced to leave, and the extortionate demands allegedly made of him by a local political party. *Id.* Similarly, inconsistencies between his father's supporting letter and his testimony regarding the deadline (or lack thereof) of this extortionate demand, go to the heart of Sherpa's claim. *Id.* Sherpa's omission in his written application of the fact that he was hit with a bamboo stick by members of this political party and that he required a cane in the aftermath of the assault, as well as his omission of any mention of the letter comprising the extortionate demand in question, *id.*, likewise go to the heart of Sherpa's claim and provide grounds for an adverse credibility finding here, s*ee Hong Fei Gao*, 891 F.3d at 77 (noting that omissions may justify an adverse credibility finding when the petitioner "would reasonably have been expected to disclose [the information] under the relevant circumstances"). Under these circumstances, "a reasonable fact-finder" would not be "*compelled*

3

to credit his testimony" and thus the agency's denial of relief was not error. *Majidi*, 430 F.3d at 80 (internal quotation marks omitted).

While certain evidence in the record supported some of Sherpa's claims, *see, e.g.*, CAR 199–200, the agency is not required to "'expressly parse or refute on the record' each individual . . . piece of evidence offered by the petitioner" where it has "'given reasoned consideration to the petition, and made adequate findings,'" *Wei Guang Wang v. Bd. of Immigration Appeals*, 437 F.3d 270, 275 (2d Cir. 2006) (quoting *Xiao Ji Chen v. U.S. Dep't of Justice*, 434 F.3d 144, 160 n.13 (2d Cir. 2006)). Here the IJ and the BIA gave sufficient consideration to Sherpa's testimony, written application, and supporting documentation, and there was no error in denying relief on credibility grounds.

\*     \*     \*

We have considered Sherpa's remaining arguments and find them to be without merit. Accordingly, we **DENY** the petition for review.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4